**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| ANTHONY DIAS,<br><br>Plaintiff,<br><br>v.<br><br>E. WOODS, et al.,<br><br>Defendants. | CASE NO. 3:26-CV-162-HAB-ALT |

## OPINION AND ORDER

Plaintiff Anthony Dias ("Dias"), a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1). 28 U.S.C. § 1915A requires that the Court screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Dias is proceeding without counsel, the Court must construe his allegations liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Dias is an inmate at Miami Correctional Facility (MCF). He claims that on or about November 5, 2024, Sergeant E. Woods told him that he would be moving from restrictive housing to general population. Dias expressed fears that he would be attacked by other inmates if he was sent to general population. But Sergeant Woods allegedly responded by pulling out his taser gun and stating, "Let's go." Dias claims that as he was being escorted to general population by Sergeant Woods and two non-party officers, he continued to express serious concerns about his safety. He

claims he was not posing any danger to anyone, but Sergeant Woods nevertheless shocked him with the taser. This caused him to immediately fall prone on the floor. Even so, Sergeant Woods then allegedly shocked him several more times in the back. Dias claims Officer J. Spaulding then arrived and placed leg restraints on him so tightly that it caused "deep lacerations" on his ankles. He says he was then made to walk a quarter-mile with these restraints on, causing him significant pain.

After he arrived in the general population unit, two non-party officers allegedly saw Dias' ankles in bad condition and said they would contact the medical unit. But no one ever saw him, which he attributes to the failings of "whoever was called" at the medical unit that night. He further claims that a few days later, he was seen by an unknown nurse who documented all his injuries. He claims she "seemed upset" about his injuries and said she would refer him to see a doctor, but that never occurred. Based on these events, he sues the above individuals for monetary damages.

He first sues the two correctional officers for excessive force. Under the Eighth Amendment, inmates cannot be subjected to excessive force. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Id.* (citation and internal quotation marks omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* While *de minimis* uses of force are not actionable, "a prisoner need not suffer 'serious injury' in order to bring an Eighth Amendment claim." *Id.* at 890-91 (citation omitted).

It can be discerned that the officers were trying to escort Dias to his new housing assignment and that he was not fully cooperative, which may have been a legitimate reason to use

some level of force. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009) ("Inmates cannot be permitted to decide which orders they will obey, and when they will obey them[.]"). But the complaint can be read to allege that they used more force than was necessary under the circumstances: shocking him with a taser several times even though he was prone on the floor, and securing his ankle restraints so tightly that it caused deep cuts on his ankles. He will be permitted to proceed further on an excessive force claim against the two officers.

He also sues the two unnamed medical providers for the denial of medical care. Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). However, they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). Nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. The Court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). Delay in providing necessary treatment can amount to deliberate indifference where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

Dias' injuries may well have resolved on their own without any treatment. But giving him the inferences to which he is entitled at this stage, the Court assumes—for purposes of this opinion—that he had a serious medical need after the use-of-force incident. On the second prong, it is permissible as a general matter to sue a "placeholder defendant" in federal court. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). But the Court cannot plausibly

infer from the information in his complaint that either medical provider personally exhibited deliberate indifference to his medical needs or made a decision that no minimally competent professional would have made under the circumstances. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. As far as the complaint reveals, the nurse may have done her duty and referred him to the doctor, but he was not seen for other reasons. *See Brown v. Osmundson*, 38 F.4th 545, 553 (7th Cir. 2022) (no liability for prison nurse who "wrote down [the plaintiff's] symptoms, checked his vitals, relayed necessary information to [the doctor], and performed her assigned duties."). Likewise, the unknown doctor who was "on call" the night of the use-of-force incident may never have received notice that he was in need of medical care. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018) (to be deliberately indifferent, defendant must have actual and not just constructive knowledge of the risk of harm to plaintiff). He has not stated a plausible claim against the medical providers.

For these reasons, the Court:

(1) GRANTS Dias leave to proceed against Sergeant E. Woods and Officer J. Spaulding in their individual capacity for monetary damages for using excessive force against him under the Eighth Amendment on or about November 5, 2024;

(2) DISMISSES all other claims;

(3) DISMISSES Unknown Medical Provider and Unknown Medical Provider as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant E. Woods and Officer J. Spaulding at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Sergeant E. Woods and Officer J. Spaulding to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Dias has been granted leave to proceed in this screening order.

**SO ORDERED** on November 9, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT